UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

DAVID G. PFLUM,

        Petitioner,

-vs-

UNITED STATES OF AMERICA,

        Respondent.

CIV 09-4093

ORDER

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

This matter is before the Court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner incarcerated at the Federal Prison Camp, Yankton, South Dakota. He proceeds pro se and submitted the filing fee.

## BACKGROUND

Petitioner was convicted in the District of Kansas for failure to pay employment taxes and failure to file federal income tax returns. Petitioner appealed his conviction and sentence arguing that the trial court had erred in two regards: (1) in refusing to give the defendant's proposed instructions on "willfulness," and (2) in denying the defendant's motion to strike portions of the testimony given by two witnesses who were agents with the Internal Revenue Service. The Tenth Circuit rejected Petitioner's arguments and affirmed his conviction.

Petitioner timely filed in the District of Kansas a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The basis for Petitioner's § 2255 motion was that he was denied effective assistance of counsel at trial because the Tenth Circuit on appeal found that the defendant's objection to the IRS agents' testimony on the federal income tax withholding rate was not timely.

The district court denied Petitioner's claim for relief under § 2255, finding that Petitioner could not claim prejudice from his counsel's failure to make a timely objection at trial and denied Petitioner's request for a Certificate of Appealability.

The Court of Appeals likewise denied Petitioner's application for a Certificate of Appealability for reasons similar to those stated by the district court and dismissed the appeal.

Petitioner then filed in the District of Kansas a petition for habeas corpus pursuant to 28 U.S.C. § 2241. In that action, Petitioner argued that the court in which he was convicted and sentenced lacked jurisdiction, was not an Article III court, and violated both due process and its duty by failing to make specific findings of fact and law in his case.

The district court dismissed Petitioner's § 2241 motion stating that the action was not properly before the court and should have been filed in the District of South Dakota wherein Petitioner was incarcerated. The court noted that while it had authority to transfer the action to a jurisdiction in which Petitioner's § 2241 motion could have been brought, the court found that such a transfer was not in the interests in justice. Examining the specific allegations made by Petitioner, the Court found that he was attacking the validity of a judgment and sentence and that § 2255 was his exclusive remedy for doing so unless Petitioner could establish that such remedy was inadequate or ineffective. The court stated that the fact that Petitioner had previously been unsuccessful in challenging the validity of his conviction and sentence did not establish that the remedy provided in § 2255 was inadequate and thus concluded that the interests of justice did not warrant the transfer of Petitioner's § 2241 motion to this Court.

On July 6, 2009, Petitioner filed a Petition for Write of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of South Dakota. (Doc. 1.) As in Petitioner's § 2241 motion that was denied in the District of Kansas, Petitioner argues in his § 2241 motion presently pending before this Court that the court in which he was convicted and sentenced

lacks jurisdiction to proceed on the case, is not an Article III court, and violated Due Process and ministerial duty by failing to make specific findings of fact and law in the case. Also pending before the Court is Petitioner's motion for immediate release on bond (Doc. 8) and motion for judgment on the pleadings (Doc. 4).

## DISCUSSION

### I. Section 2255 Claim

This Court finds that Petitioner's § 2241 motion should be construed as one proceeding under § 2255 because it attacks the validity of a sentence rather than its execution as provided under § 2241. *See Boyce v. Ashcroft,* 251 F.3d 911, 914 (10th Cir. 2001) (distinguishing motions brought under § 2254, § 2255, § 2241). Specifically, Petitioner argues in this action that the court in which he was convicted and sentenced lacked jurisdiction, was not an Article III court, and violated both due process and its ministerial duty by failing to make specific findings of fact and law in his case.

For several reasons, Petitioner is not entitled to the relief he requests and the Court will not order Respondent to show cause why this petition should not be granted. See 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney...."). First, Petitioner's § 2255 motion is not properly before this Court. A motion to vacate, set aside or correct the sentence pursuant to § 2255 must be brought in the court that imposed the sentence, which in this case is the District of Kansas. Second, the legality of Petitioner's detention has already been determined by the sentencing court in the District of Kansas and Petitioner has not provided the certification authorizing a district court to consider a second application. *See* 28 U.S.C. §§ 2244(3)(A), 2255(h) (stating that a second or successive motion must be certified by an appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

3

convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.).

"The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor,* 347 F.2d 365, 366 (10th Cir. 1965). Petitioner is not entitled to seek pursuant to § 2241 the relief which he had previously been denied under § 2255, especially from this Court which had no role in the sentencing of Petitioner.

## II. Certificate of Appealability

When the district court has denied a motion under 28 U.S.C. § 2255, the petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserved further proceedings." *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly,

It is hereby ORDERED:

(1) that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is DENIED;

(2) that a Certificate of Appealability shall not issue on any of the claims raised in Petitioner's § 2255 motion.

(3) that Petitioner's Motion for Immediate Release on Bond (Doc. 8) is DENIED.

(4) that Petitioner's Motion for Judgment on the Pleadings (Doc. 4) is DENIED. The time for filing such a motion has expired.

Dated this 3rd day of November, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Summer Wahufd
(SEAL)    DEPUTY